WO                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ricky Bruce Houston, | No. CV 19-05563-PHX-MTL (CDB) |
| Plaintiff, |  |
| v. | **ORDER** |
| Paul Penzone, et al., |  |
| Defendants. |  |

On November 4, 2019, Plaintiff Ricky Bruce Houston, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. On December 5, 2019, he filed a First Amended Complaint and a second Application to Proceed In Forma Pauperis. In a December 26, 2019 Order, the Court granted the first Application to Proceed, denied as duplicative the second Application to Proceed, dismissed the First Amended Complaint because Plaintiff had failed to state a claim upon which relief could be granted, and gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

On January 6, 2020, Plaintiff filed a Second Amended Complaint (Doc. 10). The Court will dismiss the Second Amended Complaint and this action.

. . . .

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

**II.     Second Amended Complaint**

In his three-count Second Amended Complaint, Plaintiff sues Defendants Paul Penzone, the Towers Jail, Food Services, and "4th Avenue Jail Intake." He seeks injunctive relief and monetary damages.

In **Count One**, Plaintiff raises a claim regarding "basic hyg[i]ene." He alleges that in the Towers Jail, three men are confined in a 480-square-foot cell, the water has a sticky substance in it, and there is mold under the toilet casing. Plaintiff asserts that toilet brushes are not provided; three men use a toilet that flushes every ten minutes, meaning there is occasionally "waste in the toilet for the next man"; the floor drain in the dayroom once backed up into three cells and detainees had to clean up the waste water without gloves; and the floor drain leaks sewer gases, which affects Plaintiff's sleeping and eating. He contends there are no emergency intercoms in the cells; mice are running around the dayroom and cells; the showers are only cleaned weekly; detainees get a change of clothes, sheets, three towels, and a rag each week; blankets are exchanged every 30 to 45 days; and Plaintiff has been unable to attend "program classes" because the rooms where those classes take place lack restrooms, the classes last one to two hours, and Plaintiff has a weak bladder. Plaintiff alleges Defendant Penzone is "not concerned with order o[r] cleanl[i]ness," and claims he is worried about getting sick or getting an infection.

In **Count Two**, Plaintiff raises a claim regarding food services. He alleges that no one wears a head covering when distributing the evening meals and that meals are "left with inmates alone," without staff member oversight. Plaintiff contends he receives the same morning meal every day, and his dinners are tasteless, do not include a drink, contain the stems of vegetables, and consist of either beans and rice or an unknown substance referred to as "slop." He asserts that he receives a soft food diet and his meals are always cold because the diet trays are removed from the heated delivery carts once the carts "enter the place of distribution." Plaintiff claims cups are not provided and the water has a sticky substance in it. He also contends the food causes him stomach pain, the water is "no good," and he feels "like a worthless dog."

In **Count Three**, Plaintiff raises a claim regarding "basic hyg[i]ene." He contends the intake area at the Fourth Avenue Jail is a "very filthy place" where sick men are lying in vomit and urine, the cells are crowded and stink, and sick and healthy detainees are housed together. Plaintiff alleges detainees are housed in these conditions for four to five days without soap and must wash their hands and drink water from a filthy sink above a filthy toilet. He also asserts detainees are fed the same meal every morning and evening and are given nothing to drink. Plaintiff claims he is unable to rest because he is worried about "a sickness."

## III. Failure to State a Claim

Plaintiff's Second Amended Complaint is virtually identical to his First Amended Complaint and he has not corrected any of the deficiencies identified in the December 26, 2019 Order. Thus, the Court will dismiss the Second Amended Complaint for the same reasons stated in the December 26, 2019 Order.[1]

## IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

---

[1] In the December 26, 2019 Order, the Court dismissed Defendants Maricopa County Towers Jail and Fourth Avenue Jail Intake because they are buildings or collections of buildings, not a person or legally created entity capable of being sued; dismissed Defendant Penzone because Plaintiff's sole allegation against him was vague and conclusory and did not support a conclusion that Defendant Penzone made an intentional decision that put Plaintiff at substantial risk of suffering serious harm; and dismissed Defendant Inmate Food Services because it either was (1) a subdivision of the Maricopa County Sheriff's Office and, therefore, not a "person" amenable to suit under § 1983, or (2) a corporation, and Plaintiff had failed to allege that the conduct described in the First Amended Complaint was the result of a specific policy or custom of Defendant Inmate Food Services.

Plaintiff has made three efforts at crafting a viable complaint and appears unable or unwilling to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 29th day of January, 2020.

Michael T. Liburdi
United States District Judge